Toomey, J.
INTRODUCTION
On May 14, 1999, the parties were before the court for hearing on plaintiff (‘T&G”)’s motion for a preliminary injunction. Specifically, T&G seeks an order that defendants Edward P. Gardella, Chief of Police of the City of Worcester, and the City of Worcester (collectively, “City”) provide T&G with unredacted internal police investigation reports concerning police conduct and citizen complaints from January 1, 1997 through August 15, 1998. The City opposes the motion, arguing that T&G is unlikely to succeed on the merits of its complaint because the requested information is exempt from disclosure and that release of the requested information would cause defendants irreparable harm. For the following reasons, the motion of the plaintiff will be DENIED.
BACKGROUND
On August 31, 1998, T&G requested from the City, pursuant to G.L.c. 66, §10 (the Public Records Statute), public records concerning citizen allegations of police misconduct during the preceding eighteen months. On September 17, 1998, the City responded that, for the requested period, a minimum of 125 closed case files existed. The City provided T&G with 20 redacted files. The redactions included the names of the police officers who were the subjects of the complaints, the names of officers who had participated involuntarily in the investigations and all references to time, date and location.
In November 1998, T&G appealed to the Commonwealth’s Secretary of State, the Supervisor of Public Records (“Supervisor”), alleging that the City had failed to comply with T&G’s public records request. On January 11, 1999, the Supervisor ordered the City to release to T&G, within 10 days, 1) the name of each police officer who had been the subject of a citizen complaint during the specified period, 2) all internal investigation reports in which the allegations of police misconduct had been resolved and 3) the names and identifying details of all witnesses and informants who involuntarily participated in the department’s internal investigations.
On January 22, 1999, the City provided T&G with information regarding 92 citizen complaints. The names of the officers and all references to time, date and location were, however, redacted. In response, T&G entered the present suit, in the nature of man *174 damus, seeking enforcement of the Supervisor’s January 11, 1999 ruling. The instant motion, seeking injunctive relief, followed.
DISCUSSION
In considering whether to grant a preliminary injunction, the court is required to conduct a “balancing” analysis. The court must evaluate the moving party’s claim of injury together with its chance of success on the merits. Packaging Industries Group v. Cheney, 380 Mass. 609, 617 (1980). If the court determines that failure to issue the injunction would “subject the moving party to a risk of (irreparable) harm in light of the party’s chance of success on the merits,” the court will weigh that risk of harm against any consequent risk of irreparable harm that granting the injunction would create for the opposing party. Id.; see also Planned Parenthood League of Massachusetts, Inc. v. Operation Rescue, 406 Mass. 701, 710 (1990). Where appropriate, the court will also consider the effect on the public interest of granting or withholding an injunction.
A. Likelihood of Success on the Merits
At this very early stage of the lawsuit, it appears that assessing plaintiffs chance of success on the merits requires further development of several factual issues. T&G argues that it is entitled to the requested information under G.L.c. 66, §10, which requires the custodians of public records in the Commonwealth to make public records available to the public for inspection and examination. T&G argues that it is entitled to judgment as a matter of law because the Supervisor determined that the information requested by T&G constituted a public record.
The City, in opposing injunctive remedy, responds that the redacted information is exempt from disclosure under G.L.c. 4, §7, which defines “public records” and sets forth several exemptions from the requirement of the public records statute. The City maintains that the requested information is protected under three of the exemptions: 1) G.L.c.4, §7, Twenty-sixth (b) exempts from disclosure information that relates “solely to internal personnel rules and practices ... to the extent that proper performance of necessary governmental functions requires such withholding”: 2) G.L.c. 4 §7, Twenty-sixth (c) (the privacy exemption) exempts “data relating to a specifically named individual, the disclosure of which may constitute an unwarranted invasion of personal privacy” and 3) G.L.c. 4 §7, Twenty-sixth (f) (the investigatory exemption) exempts “investigatory materials necessarily compiled out of the public view by law enforcement or other investigatory officials, the disclosure of which materials would probably so prejudice the possibility of effective law enforcement that such disclosure would not be in the public interest.”
At bar, in order to support its claim that the redacted information is exempt from disclosure, the City must prove with specificity that one of the claimed exemptions applies. G.L.c. 66, §10(c). The City argues, for example, that disclosure of the redacted information will have a prejudicial effect on effective law enforcement. G.L.c. 4 §7, Twenty-sixth (f); see also Globe Newspaper Company v. Police Commissioner of Boston, 419 Mass. 852, 859 (1995). In Globe, however, the Massachusetts Supreme Judicial Court saw no value in engaging in generalized assumptions. Rather, the Court determined that “the potential prejudicial effect on effective law enforcement is to be considered on a case by case basis.” Id. See also Reinstein v. Police Commissioner of Boston, 378 Mass. 281, 290 (1979). Thus, in order to prove that release of the information will interfere with effective law enforcement, the City will need to establish, by evidence, that disclosure of the redacted information would likely discourage individual citizens from speaking freely with police concerning matters under investigation or discourage police officers from being “completely candid in recording their observations, hypotheses and interim conclusions.” Globe, supra, at 859. Without more development of the facts of the case than has been presented at this nascent stage of the proceedings, this court is unable to determine whether such interference is likely.
Likewise, the “internal personnel practices” exemption, G.L.c. 4, §7, Twenty-sixth (b), and the “personal privacy” exemption, G.L.c. 4, §7, Twenty-sixth (c), asserted by the City require that a court determine the proper balance between any claimed invasion of privacy and the interest of the public in disclosure. Globe, supra, at 858. The evidence at bar does not allow for such a determination. In justifying a privacy exemption, for example, the defendant has the burden of proving, with specificity, that disclosure of the requested information constitutes an unwarranted invasion of an individual’s personal privacy. Id. Although the plaintiff contends that all material facts have been adduced, there remain a number of circumstances that must be considered by the court before a judicial determination may properly be made as to whether the claimed exemptions apply to the redacted information. For example, the following, non-exhaustive considerations, as yet unestablished, may have considerable influence on a court’s determination of the propriety of injunctive relief:
The complaints, coupled with the names of the police officers, may be used for purposes of promotion or discipline, and thus constitute a personnel record under exemption (b).
If the name of the officer has already been disclosed to the complainants, the officer’s interest in privacy may not suffer significant further erosion by disclosure to the press.
Coupled with other information about the incidents, the name of the officer may be sufficient to create “information of a personal nature” within the privacy shield of exemption (c).
*175 Disclosure may encourage individuals to make unwarranted complaints against a particular officer for self-serving reasons. The incipient character of the proceedings upon the motion at bar is underscored by the fact that both parties state their arguments in the nature of conclusions. Thus, while plaintiff asserts that there is no privacy issue at stake, defendants contend, with equal passion, that a privacy issue does exist. Where, as here, an ascertainment of the likelihood of success on the merits must await the development and resolution of several fulcrum factual questions, a determination with respect to the suitability, vel non, of the equitable remedy is decidedly premature. Where the premises to the syllogism are not settled, the conclusion cannot be said to have been established.
B. Irreparable Harm
Because the present state of the record does not permit a finding with respect to the plaintiffs likelihood of success on the merits, the analysis turns to the balance of harms. At bar, the pointer on the scale inclines dramatically in favor of the defendants. The Ciiy has given T&G approximately 100 reports of internal investigations of reported police misconduct. Although identifying information has been largely redacted from those reports, T&G has not demonstrated, other than by conclusoiy averments, that its inability to obtain the redacted information will cause it or the public irreparable harm. If, on the other hand, further factual development were to reveal that the redacted information was properly withheld under one of the exemptions of the Public Records Statute, premature release of the information would doubtless cause the defendants irreparable harm. Once freed, the genie cannot be returned to the bottle.
CONCLUSION
Because plaintiffs have failed to demonstrate a reasonable likelihood of success on the merits and because defendants are likely to suffer irreparable harm if information, later determined to be exempt from disclosure under the Public Records Statute, has been improperly released, plaintiffs are not entitled to the preliminary injunctive relief they have sought.
ORDER
For the foregoing reasons, it is hereby ORDERED that plaintiffs motion for a preliminary injunction is DENIED.